# Malloy v. Steiner, Appellant (No. 1).

*Negligence—Automobiles—Contributory negligence—Question for jury.*

In an action to recover damages for the injuries sustained to a child nine years old, who was struck by the automobile of the defendant, the case is for the jury and a verdict for the plaintiff will be sustained where the evidence, if believed, would establish the fact that the plaintiff was struck while crossing a street at a street corner; that the street was narrowed by a pile of building material to half or less of its usual width, thus limiting the view; that the driver of the automobile, coming eastwardly on the south half of the street, turned out and passed a truck near the crossing, and when going at a speed of about 15 miles an hour struck the plaintiff at the crossing.   On such a state of facts the question of the

care on the part of the plaintiff and of the defendant's servant were questions for the jury.

It cannot be declared, as matter of law, that 15 miles an hour at a street crossing in a city where the view of pedestrians and of the driver of a car is shut out by obstacles in a street, is a reasonable speed. . It is the duty of a driver of a car to approach the street crossing with care, and to control his car with reference to the safety of persons who may attempt to cross.

Argued October 13, 1919. Appeals, Nos. 35 and 36, Oct. T., 1919, by defendant, from judgment of C. P. No. 2, Phila. County, Sept. T., 1916, No. 4391, on verdict for plaintiffs in the case of James Malloy, by his next friend and father, John Malloy, and John Malloy, in his own right, v. Richard J. Steiner. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Affirmed.

Trespass for personal injuries. Before WESSEL, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff, James Malloy for $1,500 and for the plaintiff, John Malloy, for $250 and judgment thereon. Defendant appealed.

*Error assigned* was in refusing to enter judgment in favor of defendant non obstante veredicto.

*Henry Spalding,* of *Fell & Spalding,* for appellant.

*Francis M. McAdams,* of *Wilson & McAdams,* for appellee.

OPINION BY HENDERSON, J., February 28, 1920:

The only error assigned is the refusal of the court to enter judgment in favor of the defendant non obstante veredicto. We are to consider therefore whether in all the evidence, facts were presented on which the jury might find a verdict for the plaintiff. The evidence on

both sides is to the effect that the accident occurred at or
near the crossing on the west side of Germantown avenue
at its intersection with Venango street. It is also shown
by witnesses on each side that Venango street was ob-
structed for a considerable distance on its north side,
west of Germantown avenue, by building material which
occupied at least half of the width of the street. There
is a contradiction between some of the witnesses as to
the location of this material with respect to the line of
Germantown avenue. A police officer called for the
plaintiff stated that a pile of cinder was next to German-
town avenue; that it came pretty near to the crossing;
and that it was probably six feet high and twenty or
twenty-five feet long. West of that there was a pile of
brick three or four feet high. A witness for the defend-
ant stated the pile of brick was next to Germantown
avenue and fifteen or twenty feet west of the line of
that street; that the brick pile was about twenty or
twenty-five feet long and about five or six feet high; that
a pile of sand was west of the brick and a pile of cinder
next to the sand. The cinder pile was about four feet
high. The plaintiff was nine years old at the time of
the accident which occurred soon after four o'clock in
the afternoon. As stated by him, he was going on an
errand for his mother to a grocery at the southwest cor-
ner of Germantown avenue and Venango street; he came
from the direction of Broad street eastwardly to the
northwest corner of Germantown avenue and Venango
street where the pile of building material was; he started
across the street, looking for vehicles, and had gone three
or four feet, or three or four steps, as stated in another
part of his evidence, when he was struck by an automo-
bile driven by the chauffeur of the defendant in which the
defendant's wife and two children were riding. No
warning of the approach of the automobile was given and
the plaintiff was severely injured when struck. The evi-
dence of the defendant shows that the obstructions in the
street left barely room for two vehicles to pass; that a

large truck drawn by two horses was moving westwardly on Venango street while the defendant's automobile was moving eastwardly at the place where the street was obstructed. The driver of the truck drew up to the south curb and signalled the defendant's chauffeur to proceed, whereupon he drew to the left and passed the truck going as he stated from twelve to fifteen miles an hour. Just after passing the truck, the plaintiff ran out from the south side of the street in front of the automobile from behind the truck. He was not seen by the chauffeur until after the accident. The place of the collision was alleged to be twenty-five feet or more west of Germantown avenue. Other evidence offered for the defendant was that the plaintiff was playing on the cinder pile with some other boys; had been there for some time and that he ran right into the automobile about sixty or sixty-five feet west of Germantown avenue. Some of the witnesses for the defendant stated that the automobile was moving slowly at the time. There was a contradiction therefore as to the place where the accident occurred; the testimony of the defendant's witnesses varying on that subject and the testimony of the plaintiff being to the effect that he was on the crossing at the west side of Germantown avenue. It is not disputed that there was only space between the obstructions in the street and the truck for the automobile to pass, and it appears from the evidence of the chauffeur that he did not see any boys playing on the cinder pile nor any one in front of him at the time of the accident. He also stated that he could not see the sidewalk on either side on account of the obstruction on one side and the truck on the other. The evidence therefore would permit the jury to find that the plaintiff was crossing Venango street and observing care with reference to the approach of vehicles; that the street was narrowed to half or less of its usual width, thus limiting the view; that the driver of the automobile coming eastwardly on the south half of the street turned out and passed the truck near to the

crossing and when going at a speed of perhaps fifteen miles an hour struck the boy at the crossing.  On this state of facts we feel bound to hold that the question of care on the part of the plaintiff and of the defendant's servant were questions for the jury.  It cannot be declared, as a matter of law, that fifteen miles an hour at a street crossing in a city where the view of pedestrians and of the driver of the car is shut out by obstacles in the street is a reasonable speed.  It is the duty of the driver of a car to approach a street crossing with care and to control his car with reference to the safety of persons who may attempt to cross, and there is some evidence which supports the conclusion that this was not done by the chauffeur, probably because of the difficulty in passing through the street on account of the obstructions. The contention of the appellant that the accident occurred because the lad carelessly ran from the cinder pile into the street may be correct, but we cannot ignore the testimony of the plaintiff as to his position at the time he was hurt.  Germantown avenue does not cross Venango street at a right angle and there may be in that fact an explanation of discrepancies in the testimony as to the distances of different objects referred to from Germantown avenue.  The south line of Venango street was longer, and we do not know to which side of the street reference was had by the witnesses in stating some of the distances.  The failure of the chauffeur to see some of the persons and things observed by other witnesses is some evidence that his attention was not as carefully applied to the situation as his duty required.  In any view of the case, unless competent and material evidence is to be disregarded, the testimony as presented required the submission of the case to the jury.  They saw the witnesses; heard their statements; observed their contradictions; and were best able to determine what the facts were and what were the reasonable inferences to be drawn from all of the testimony.  We do not find a sufficient reason for setting aside the judgment.  It is therefore affirmed.